Carol FISHER, individually and on behalf of a class of persons similarly situated, Plaintiff–Appellant,

v.

John A. KANAS, John Bohlsen, and Daniel T. Healy, Defendants–Appellees.

No. 07–2285–cv.

United States Court of Appeals, Second Circuit.

July 7, 2008.

Appeal from the United States District Court for the Southern District of New York (Arthur D. Spatt, J.).

Joel C. Feffer, Harwood Feffer, LLP, New York, NY, for Plaintiff–Appellant.

William D. Savitt, Wachtell, Lipton, Rosen & Katz, New York, NY, for Defendants–Appellees.

Present: Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges, Hon. JOHN G. KOELTL,[1] District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Carol Fisher alleges that North Fork Bancorporation, Inc. ("North Fork") issued misleading proxy statements that failed to accurately reflect the compensation received by some North Fork executives, thereby violating fiduciary duties to Fisher and other members of her putative class under Delaware state law. After first bringing federal securities law claims (unsuccessfully) in federal court, Fisher brought her state law claim for breach of fiduciary duty in New York State Supreme Court, Nassau County. Defendants removed the state class action to federal district court pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f), and Fisher in turn moved to remand the case to state court. In the decision and order below, the district court denied Fisher's motion to remand on the grounds that Fisher's suit is a "covered class action" within the meaning of SLUSA, and dismissed Fisher's complaint. 15 U.S.C. § 78bb(f).[2] Familiarity by the parties is assumed as to the facts, the procedural context, and the issues on appeal.

Fisher's principal claim on appeal is that, while her class action is concededly a "covered class action," within the meaning of SLUSA, it does not seek damages for misrepresentations made "in connection with the purchase or sale of a covered security," and therefore is not within SLUSA's ambit. *See id.* Defendants respond by pointing out that, by Fisher's own admission, the damages she seeks stem from the diminution in the value of her stock resulting from the merger of North Fork and Capital One Financial Corporation ("Capital One"). That diminution allegedly occurred because the merger triggered

---

1. The Honorable John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

2. (1) Class action limitations
No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—
(A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
(B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.
(2) Removal of covered class actions
Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).
15 U.S.C. § 78bb(f).

excessive change-of-control payments to North Fork executives that had been misrepresented in proxy statements issued in connection with the election of directors in the years prior to the merger. This, Defendants maintain, puts Fisher's class action squarely within SLUSA's "in connection with" language. Furthermore, they contend, Fisher's class action is controlled (and foreclosed) by the Supreme Court's decision in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* 547 U.S. 71, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006).

Defendants point out that, by virtue of the language of Fisher's own complaint, her claim is covered by the statute. Her complaint alleges that "had hundreds of millions of dollars not been improperly diverted to defendants, plaintiff and the other members of the Class would have received proportionately greater compensation for their North Fork shares from Capital One." J.A. 23 (Compl. ¶ 21.) Thus, Defendants argue, because the merger was a sale of securities, and Fisher alleges that the value of her stock as a result of that sale would have been greater, if not for the misleading proxy statements, her class action claim is "in connection with the purchase or sale of a covered security."

Defendants also maintain that the Supreme Court's holding in *Dabit* forecloses Fisher's claim. That holding is clearly relevant, for here, as in *Dabit,* "[t]he only disputed issue is whether the alleged wrongdoing was 'in connection with the purchase or sale' of securities." *Dabit,* 547 U.S. at 84, 126 S.Ct. 1503. In *Dabit,* the Supreme Court interpreted SLUSA's "in connection with" language broadly, applying it to even non-purchase-or-sale-related activity, such as when the "holder" of a security alleges a diminution in the value of securities without personally engaging in a purchase or sale. The Court noted, "it is enough that the fraud alleged coincide with a securities transaction—

whether by the plaintiff or by someone else. The requisite showing, in other words, is deception in connection with the purchase or sale of any security, not deception of an identifiable purchaser or seller." *Id.* at 85, 126 S.Ct. 1503 (internal quotation marks and citations omitted).

We agree with Defendants that Fisher's own complaint makes an allegation that falls squarely within SLUSA's scope. We agree, furthermore, that *Dabit* is controlling. We hasten to add, however, that neither SLUSA nor *Dabit* has deprived Fisher or others similarly situated of a state law cause of action for securities fraud, or breach of fiduciary duty. Indeed, as the *Dabit* Court noted,

> SLUSA does not actually pre-empt any state cause of action. It simply denies plaintiffs the right to use the class action device to vindicate certain claims. The Act does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action that may exist.

*Id.* at 87, 126 S.Ct. 1503. In this particular case, Fisher was free to bring her state law claim as an individual (or on behalf of fewer than 50 others). Because she did not, however, her state law claim—as framed—falls within SLUSA's scope. The district court, therefore, did not err in denying Fisher's requested relief.

We have reviewed Plaintiff's remaining arguments and find them all to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court below.